Green, J.
delivered the opinion of the court.
We are first to enquire whether the brick in controversy belonged, when levied on, to Crockett or to Brown, the execution debtor. The evidence is, that Crockett contracted with Brown to build him a brick house at eight dollars per thousand brick, and that as Brown was poor and embarrassed, Crockett was to advance money in payment of the workmen Brown might employ to assist in making and laying the brick, with which advances Brown was to be charged as part payment for the house. The brick were made specially for Crockett, who advanced nearly all the money that was paid to the hands who were engaged in making them, but the money so advanced was charged to Brown.
We think that, according to this state of facts, the brick were the property of Brown and not of Crockett. These facts do not bring this case within the class of cases cited by *278 the counsel of the plaintiff to show that they were Crockett’s -brick. Those were cases where the specific article was made for the employer and identified as his, but here no specific brick belonged to Crockett; the house was the thing he contracted for, and in payment for building which he had made advances. Had Brown built the house and part of these brick been left, most certainly Crockett would have had no claim to them. Having obtained the thing he contracted for, his agreement could not extend to and compel him to pay for any surplus materials, although prepared by the workmen expressly for his house. In the cases referred to in the argument, the ship was built upon a special contract and advances in payment of the work were made as the work progressed, according to the contract, thus designating that particular article as the property of the person for whom it was made; but if the question had arisen whether the timbers that had been prepared for the ship belonged to him for whom the ship was to be built, the case would have been very different. It never would have been held that every stick of timber as it might be prepared belonged to him for whose ship or house it was intended.
2. Is the sheriff protected by the execution in virtue of which he sold the brick? We think he is. The execution bears test before the time Crockett purchased the brick from Brown, and consequently was a lien on Brown’s property and bound these brick. But it is insisted that the levy was void, because the levy of the execution was made by a special deputy, whose authority was not under seal. If the question necessarily arose, we should hesitate long before we would decide that the written authority of a sheriff to a special' deputy is void unless it be under his seal; but the question does not arise in this case in such way as to make it indispensable that we should decide whether this deputy had 'power to make the sale or not. It is true, the levy was endorsed by the special deputy, but the execution was returned by him to the sheriff, who himself proceeded to make the sale. This suit is brought against the sheriff, Latimer, for his conversion of the property; but if he took the brick into possession, having the execution in his hands *279 by virtue of which he made sale and delivered them to the purchaser, he is protected whether the deputy had to make the levy or not. Let the judgment be affirmed.